**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TERRENCE HEMBY,

                            Plaintiff,

    v.                                    No. 13-CV-613
                                             (TJM/CFH)

DR. FERRARI, Clinton County Correctional Facility; DR. JOHNSON, Clinton County Correctional Facility; NURSE BADGER, Clinton County Correctional Facility; DAMOUR, Nurse; LASWAY, Nurse,

                            Defendants.[1]

---

**APPEARANCES:**                                **OF COUNSEL:**

TERRENCE HEMBY
01-A-1300
Plaintiff pro se
Wyoming Correctional Facility
Post Office Box 501
Attica, NY 14011

HON. ERIC T. SCHNEIDERMAN          LAURA A. SPRAGUE, ESQ.
Attorney General for the                  Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**CHRISTIAN F HUMMEL**
**U.S. MAGISTRATE JUDGE**

# REPORT-RECOMMENDATION AND ORDER[2]

Plaintiff pro se Terrence Hemby ("Hemby"), an inmate currently in the custody of the

---

[1] By decision and order dated September 9, 2013, defendant Brousseau was dismissed from this action. Dkt. No. 26.

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

New York Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, five DOCCS medical personnel, violated his constitutional rights under the Eighth and Fourteenth Amendments. See Am. Compl. (Dkt. No. 25) ¶¶ 30–51.  Presently pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Dkt. No. 34.  Hemby opposes the motion. Dkt. No. 36.  Defendants replied to Hemby's opposition.  Dkt. No. 37.  For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

The facts related to the underlying substantive claims, which began in April 2012, are as follows.  Am. Compl. ¶ 12.  At all relevant times, Hemby was an inmate at Clinton County Correctional Facility ("Clinton").  Id. ¶¶ 3–5.  Hemby developed a leg ulcer, a condition which he had previously suffered.  Id. ¶¶ 12, 21.  Hemby asserts defendants, five DOCCS employees in various medical positions, provided him with inadequate medical care, and retaliated against him after he filed grievances related to the care being provided.  See generally id.

According to the allegations, this was accomplished by defendant Dr. Ferrari when he failed to conduct follow-up visits to examine the wound, delayed ordering surgery for the leg ulcer, and failing to provide necessary medication to prevent unnecessary pain.  Am. Compl. ¶¶ 13–14, 20–22, 25, 33, 35, 39–40, 45, 51.  Hemby alleges that defendant Dr. Johnson, Chief of Clinton's Medical Department, permitted the staff's behavior to continue even after being notified by letters, failed to investigate the inadequate care received, and refused to respond to those sent by Hemby.  Id. ¶¶ 14, 23, 25, 35, 37, 42, 47, 51.  Defendants Nurses

2

Badger and Lasway are alleged to have disregarded Hemby's health by failing to check on the leg wound with satisfactory frequency and improperly changing the wound dressing. Id. ¶¶ 13–14, 17–18, 21-22, 25-26, 34–36, 38, 41, 43, 46, 48, 51. Defendant Nurse Damour is alleged to have improperly changed the wound dressing and ignored Hemby's request for emergency medical treatment when he had experienced great pain. Id. ¶¶ 14, 25, 27–28, 35, 44, 49, 51.

At various times Hemby filed grievances in accordance with the Inmate Grievance Program ("IGP") procedure.[3] Am. Compl. ¶¶ 15–16, 29; Dkt. Nos. 34-3 ¶ 3, 34-4, 34-5 ¶ 6, 36 ¶ 2. During the relevant time period, Hemby alleges he filed at least five grievances, all of which were related to his medical treatment. Am. Compl. ¶¶ 15–16, 29; Dkt. Nos. 34-3 ¶ 3; 34-4; 34-5 ¶ 6; 36 ¶ 2. After receiving initial determinations, Hemby appealed each denial to Central Office Review Committee ("CORC"). See Brousseau Decl. (Dkt. No. 34-3) ¶ 4 (attesting that as of October 8, 2013, Hemby's 2013 grievances are pending appeal before CORC); see generally Dkt. No. 34-4. On September 25, 2013, CORC decided on one appeal. Hale Decl. (Dkt. No. 34-5) ¶ 6. However, as of October 8, 2013, that CORC decision was not yet sent to the Inmate Grievance Supervisor at Clinton. Id. As of the filing of the amended complaint, all five grievances were pending appeal and had not reached

---

[3] The DOCCS "[Inmate Grievance Program] is a three-step process that requires an inmate to: (1) file a grievance with the [Inmate Grievance Resolution Committee ("IGRC")] ; (2) appeal to the superintendent within four working days of receiving the IGRC's written response; and (3) appeal to the [Central Office Review Committee ("CORC")] . . . within four working days of receipt of the superintendent's written response." The administrative process has been exhausted at this time. Abney v. McGinnis, 380 F.3d 663, 668 (2d Cir. 2004) (internal citations omitted).

3

their conclusion.[4]  Brousseau Decl. ¶ 4; Hale Decl. ¶ 6; see generally Dkt. No. 34-4.

## II.  Discussion

Hemby contends that his Eighth and Fourteenth Amendment rights were violated when each defendant individually:  (1) exhibited deliberate indifference; (2) subjected Hemby to cruel and unusual punishment; (3) violated Hemby's due process rights; and (4) retaliated against Hemby in response to the filing of grievances.  See generally Am. Compl.  Defendants contend that Hemby failed to exhaust his administrative remedies.  See generally Dkt. No. 34-6.  In his response to the summary judgement motion, Hemby asserts that he did not have to exhaust before the filing of the instant action.  Dkt. No. 36 at 1.

### A.  Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law.  The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion.  FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party.  Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

---

[4]  Hemby did not acknowledge or deny that his grievances were pending at any point.  However, in his response to defendants' motion, Hemby asserts that he was excused from having to exhaust by this Court.  Dkt. No. 36 ¶¶ 1–2.

4

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223–24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . . or arguments that the submissions themselves do not "suggest," . . . . that we should not "excuse frivolous or vexatious filings by pro se litigants," . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191–92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)). However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247–48.

5

### B. Exhaustion

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), an inmate must exhaust all administrative remedies prior to bringing any suits challenging prison conditions, including federal civil rights cases. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 548 U.S. 81, 83 (2006). This exhaustion requirement applies to all prison condition claims. Porter, 534 U.S. at 532. "[A]ny deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement." Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999). The exhaustion requirement also applies even if the administrative grievance process does not provide for all the relief requested by the inmate. Porter, 534 U.S. at 524.

Exhaustion for an inmate in DOCCS custody is generally achieved through IGP. See N.Y. COMP. CODES R. & REGS. tit. 7, § 701.1, et seq. Allegations of staff harassment are subject to an expedited procedure whereupon the complaint is first reviewed by the Superintendent and only if it is not a bona fide claim will it be returned to the IGP for normal processing. N.Y. COMP. CODES. R & REGS. tit. 7, § 701.8. Included within the IGP's exhaustion requirement is the prerequisite that the inmate file an appeal with CORC and receive a response from CORC prior to filing a federal lawsuit. Torres v. Carry, 672 F. Supp. 2d 338, 344 (S.D.N.Y. 2009); see also N.Y. COMP. CODES R. & REGS. tit. 7 § 701.5(d)(2)(ii) ("The CORC shall review each appeal, render a decision on the grievance, and transmit its decision . . . within 30 calendar days"). Disagreement with the superintendent's decision in the expedited review also requires an appeal to CORC. N.Y. COMP. CODES. R & REGS. tit. 7, § 701.8 (g)–(h); see also Espinal v. Goord, 588 F.3d 119,

125 (2d Cir. 2009) (explaining IGP and the expedited procedure for harassment claims and its appeal mechanism through CORC). Exhaustion must precede filing a lawsuit. Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001) ("Subsequent exhaustion after suit is filed therefore is insufficient."), abrogated in part on other grounds by Porter, 534 U.S. 516.

While the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply." Ruggiero v. Cnty. of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004)). The failure to exhaust may be excused in limited circumstances.

> In determining whether such an exception is applicable, a district court must apply a three-part test: First, the court must determine whether administrative remedies in fact were available to the prisoner. Second, if such remedies were available, the court must determine whether the defendants' own actions inhibited the inmate''s exhaustion of administrative remedies, thereby requiring that one or more of them be equitably estopped from raising the failure to exhaust as a defense. Finally, if administrative remedies were available and the defendants are not estopped, the court must determine whether any special circumstances justify the prisoner's failure to comply with administrative procedural requirements.

Gayle v. Benware, 716 F. Supp. 2d 293, 298 (S.D.N.Y. 2010) (internal citations omitted); see generally Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) (articulating above test as the appropriate method for excusing failure to exhaust given the present state of all Second Circuit opinions). "Unavailability of administrative remedies . . . is an objective [test]: that is, would a similarly situated individual of ordinary firmness have deemed them unavailable." Kasiem v. Switz, 756 F. Supp. 2d 570, 576–77 (S.D.N.Y. 2010) (internal quotation marks and citations omitted). Estoppel occurs when "an inmate reasonably understands that pursuing a grievance through the administrative process will be futile or impossible . . . [as evidenced by] prison officials' threats, beatings, . . . denials of grievance

7

forms, or by other misconduct deterring [the inmate] from fulfilling the requisite procedure." Id. at 577 (internal quotation marks and citations omitted). If an inmate claims estoppel and continues to file complaints and grievances, the exception is inapplicable. Id. Special circumstances exist when an inmate's failure to comply can be justified. Id. (citations omitted). Justification is found "by looking at the circumstances which might understandably lead usually uncounselled prisoners to fail to grieve in the normally required way." Giano v. Goord, 380 F.3d 670, 678 (2d Cir. 2004) (citations omitted).

When considering whether special circumstances exist, the inmate's actions must have given prison officials sufficient information to put them on notice of the complaints, despite the inmate's failure to utilize formal grievance procedures, as well as give the prison time to evaluate the claims. Macias v. Zenk, 495 F.3d 37, 43–44 (2d Cir. 2007). Thus, exhaustion requires satisfaction of both a substantive prong, requiring prison officials to be placed on notice of the complaint, and a procedural prong, expecting inmates to present their grievances within a formerly prescribed framework permitting both investigation and remediation. Id.

In this case, Hemby's complaint must be dismissed without prejudice for failure to comply with exhaustion requirements. Record evidence supports the conclusion that all five of the grievances associated with the events at issue are still being appealed.[5] Dkt. Nos. 34-1; 34-3 ¶ 4; 34-5 ¶ 6; see generally Dkt. No. 34-4. Hemby makes no remarks addressing the status of his grievances and absent from the record is any indication that the grievances have exhausted. Hemby only offers a conclusory and unsupported statement that this Court

---

[5] Initially, Hemby asserts he filed more than five grievances. Am. Comp. at 3. In his response Hemby, acknowledges he only filed five grievances. Dkt. No. 36 at 1.

8

excused the exhaustion requirement at the time he initially filed his complaint. Dkt. No. 36 at 1. No record evidence supports any such statement. Thus, there is sufficient evidence to prove that Hemby has failed to exhaust his administrative remedies for purposes of this federal action. Neal, 267 F.3d at 122.

Even in light of the special solicitude afforded to pro se plaintiffs, Hemby has failed to establish an excuse to counter defendant's exhaustion defense. First, Hemby does not make any allegations that administrative remedies were unavailable. To the contrary, evidence suggests that upon filing the grievances, Hemby believed such remedies to exist. See Dkt. No. 34-4 at 2, 9–10, 13 (grievances in which Hemby request specific actions to be taken to resolve his complaints). Hemby's requested remedies included a review of his current treatment, the provision of proper medical care and supplies, and a new medical professional to provide such care. Id. at 2, 9–10, 13. Thus, a similarly situated person of ordinary firmness would not have deemed his administrative remedies to be unavailable. Kasiem, 756 F. Supp. 2d at 576–77.

Second, despite Hemby's claims that he was transferred in an attempt to prevent him from fulfilling exhaustion requirements and non-party IGP Supervisor Trousseau interfered with Hemby's access to the IGP, defendants are not estopped from asserting an exhaustion defense. Am. Compl. ¶¶ 15–16, 29, 50, 53. During the entirety of the time frame in question, Hemby was an inmate at Clinton. Irwin Decl. (Dkt. No. 37-1) ¶ 3; Dkt. No. 37-1 at 3. Hemby asserts that the hearing for grievance CLA-6469-13 was delayed beyond the time specified in the DOCCS policy. Am. Compl. ¶¶ 15–16, 29, 50, 53; Dkt. Nos. 34-4 at 11, 36 ¶¶ 1, 8. However, even assuming the IGP failed to timely respond, Hemby was to appeal to the next level. N.Y. COMP. CODES. R & REGS. tit. 7, § 701.6(g)(2) ("matters not decided

9

within the time limits may be appealed to the next step"). Hemby does not allege, nor does the record reflect the contrary, that he carried out this step. Further, the evidence supports, and Hemby does not refute, that all of Hemby's grievances proceeded in the IGP process and were pending appeal at the time the instant motion was filed. Dkt. Nos. 34-1, 34-3 ¶ 4, 34-4, 34-5 ¶ 6. Moreover, Hemby continuously filed grievances, even after he filed his initial complaint in this action. Compl. (Dkt. No. 1); Dkt. Nos. 34-1, 34-4 at 1, 13, 18; Kasiem, 756 F. Supp. 2d at 577. As such, Hemby cannot invoke the estoppel defense.

Finally, no special circumstances exist that would justify a failure to exhaust. There is no evidence that Hemby was confused by IGP procedures. To the contrary, Hemby displayed intimate knowledge of the IGP, and the exhaustion requirement specifically, when he: understood the difference between writing letters to DOCCS officials versus filing a grievance; repeatedly reflected knowledge of the exhaustion requirement and IGP procedures; stated in his grievances his intent to file a civil action at the conclusion of the IGP process; and identified in his response to the defendants' instant motion that their arguments were limited to an exhaustion defense. Am. Compl. ¶¶ 15–16, 29, 50, 53; Dkt. Nos. 34-4 at 9–10; 36 ¶¶ 1–2, 8. Therefore, Hemby's failure to comply with his exhaustion requirements is not justified by a special circumstance. Giano, 380 F.3d at 678.

Because Hemby failed to properly exhaust his administrative remedies before commencing this suit, and no limited circumstance exists to excuse such failure, the action must be dismissed without prejudice. Kasiem, 756 F. Supp. 2d at 578. In the event that Hemby has fully exhausted his administrative remedies, he may refile his complaint and reinstitute his suit.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion for summary judgment (Dkt. No. 34) be **GRANTED** and Hemby's amended complaint (Dkt. No. 25) be **DISMISSED** without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); see also 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).

Dated: March 21, 2014
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge